Argued February 26; affirmed March 24; rehearing denied
April 21, 1936

# CRAFT *v.* FLESHER

(55 P. (2d) 1101, 56 P. (2d) 1141)

*Roy Harland,* of Salem (W. C. Winslow, of Salem, on the brief), for appellant.

*Mark V. Weatherford,* of Albany (Weatherford & Wyatt, of Albany, and Melvin Goode, of Salem, on the brief), for respondent.

BAILEY, J. This is an action of ejectment for the recovery of a parcel of land in Linn county, Oregon. The defendant answered, denying the material allegations of the complaint and pleading affirmatively right of possession in himself by virtue of a contract between himself and the plaintiff, whereby the latter agreed to exchange the land described in the complaint for certain real property of defendant in Marion county, Oregon, and further alleging that defendant had fully performed the obligations of the contract devolving upon him, and that plaintiff had failed to perform his part of the contract. To this answer the plaintiff filed an amended reply admitting the contract, denying all the other allegations in the answer, and affirmatively alleging that this defendant had, as plaintiff therein, instituted a suit for specific performance of the contract, which suit had been decided adversely to him.

It is further alleged in the reply that "all and singular the matters and things set forth in the said defendant's further and separate answer herein were and could have been litigated and were fully and finally adjudicated and determned adverse to the defendant herein" in said suit; and that the defendant is barred by the decree in that suit from attempting to litigate the matters there decided against him. The defendant interposed a demurrer to the affirmative matter set forth in the amended reply, on the ground that the same

did not state facts sufficient to constitute a reply to the affirmative matter in defendant's answer. The demurrer was overruled and thereafter the cause was tried to a jury, which returned a verdict in favor of the plaintiff. Judgment was entered thereon, and from such judgment the defendant appeals.

The only assignment of error is predicated on the action of the trial court in overruling the demurrer to the amended reply. No bill of exceptions or transcript of the proceedings on the trial of this cause has been filed in this court.

■ Section 7-510, Oregon Code 1930, provides that on appeal from a judgment the same shall be reviewed only "as to questions of law appearing upon the transcript", and shall be reversed or modified only "for error substantially affecting the rights of the appellant". The record before us does not disclose that the appellant's rights were substantially affected by the overruling of the demurrer. By proceeding to trial after the demurrer was overruled the defendant availed himself of the statutory provision that all the affirmative matter in the reply is deemed denied: § 1-813, Oregon Code 1930.

■ It has so often been held by this court that pleading over after a demurrer has been sustained and the faulty pleading amended waives any error that may have been committed in sustaining the demurrer originally, that citation of authorities is unnecessary. It has also consistently been held that if the defendant answers, after his demurrer to the complaint has been overruled, he likewise waives any error that may have been committed in overruling the demurrer, except that he may thereafter object that the complaint does not state facts sufficient to constitute a cause of action, that

the court does not have jurisdiction, or that the action is barred by the statute of limitations: § 1-609, Oregon Code 1930. The same is true in case the plaintiff files a reply after the demurrer to the answer has been overruled. In other words, when the party demurring does not stand on the demurrer but files further pleadings, he waives any error which may have been committed by the court in passing upon his demurrer, except as above stated. The same rule would apply to instances in which a demurrer to the reply has been overruled and the defendant proceeds with the trial of the case. Had the demurrer been sustained erroneously and judgment entered for defendant in the trial court, the plaintiff might possibly have contended that he had been precluded from introducing evidence disproving the affirmative allegations of the answers; but such is not the case before us.

■ The verdict of the jury and the judgment thereon might have been based on the fact that the defendant failed to prove the affirmative allegations of his answer. From all that appears, there might not have been any testimony introduced in support of the affirmative matter in plaintiff's reply. The overruling of the demurrer to the reply did not preclude the defendant from introducing evidence in support of the allegations of his answer or dispense with proof by the plaintiff of the allegations in the reply.

If the defendant failed in this case to prove the allegations of his answer or if he proved them and the plaintiff failed to prove the allegations of his reply, the ruling of the court on the demurrer to the reply would not have affected the verdict of the jury, and no error prejudicial to the defendant could possibly be predicated on the court's ruling. We are therefore

not in a position, since the case is before us on the pleadings alone, to hold that even if error had been committed in overruling the demurrer to the reply the rights of the appellant were thereby substantially affected.

In view of what has been said it is unnecessary to pass upon the question of whether the allegations in the reply state sufficient facts to constitute a reply to the affirmative matter contained in the answer. The judgment appealed from is affirmed.

CAMPBELL, C. J., and BEAN and RAND, JJ., concur.

---

Petition for rehearing denied April 21, 1936

ON PETITION FOR REHEARING
(56 P. (2d) 1141)

BAILEY, J. In a petition for rehearing, the appellant, defendant in the circuit court, asserts that it affirmatively appears from the record that error was committed in overruling the demurrer to the amended reply, and that therefore it will be presumed that prejudice to the defendant therefrom resulted: citing in support thereof *Lintner v. Wiles,* 70 Or. 350 (141 P. 871).

■ In his answer the defendant affirmatively alleged that "prior to the commencement of this action this defendant had duly and fully performed all the terms and obligations" of the contract of exchange "upon his part to be kept and performed, except in so far as performance thereof was rendered impossible by the attempted repudiation of the contract by the plaintiff". It was further alleged in this affirmative answer "that plaintiff herein has not complied with the terms of said contract" in certain particulars. These affirm-

ative allegations, as well as others in defendant's answer, are denied by the plaintiff in his amended reply.

Plaintiff in his further and separate amended reply averred that after the contract of exchange was entered into the defendant "defaulted in the performance of said contract and did not comply with the terms thereof by furnishing and providing abstract of title and other things in said contract by him to be performed within the time specified in said contract; that the plaintiff herein, forthwith after the expiration of the time mentioned in said contract, refused to further perform said contract because of said breach and non-performance on the part of said defendant". The pleadings and other proceedings in a suit brought by the defendant herein against the plaintiff, for specific performance, were referred to and set forth as exhibits to such reply, and it was averred that by said proceedings the matters attempted to be litigated by the defendant herein are *res judicata.*

Regardless of the reason, if any, assigned by the circuit court for overruling the demurrer to the amended reply, no error was thereby committed. The affirmative matter in the amended reply was not limited to the plea of *res judicata* alone. Since the performance of the contract on the part of the defendant and non-performance thereof on the part of plaintiff are material allegations in defendant's answer, the plaintiff had the right in his amended reply to set forth the reason why he refused to proceed with the contract. This he has done.

The petition for rehearing is denied.

CAMPBELL, C. J., and BEAN and RAND, JJ., concur.